

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00120-CR

Alfonso **ESTRADA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4306
Honorable Kristina Escalona, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: April 17, 2024

DISMISSED FOR WANT OF JURISDICTION

The trial court imposed sentence in the underlying cause on September 25, 2023. Because appellant did not file a motion for new trial, the notice of appeal was due by October 25, 2023. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due by November 9, 2023. *See id.* R. 26.3. Appellant filed a notice of appeal on February 9, 2024, and he did not file a motion for extension of time.

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered

timely so as to invoke a court of appeals' jurisdiction if: (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.*

Because the record appeared to show that the notice of appeal was untimely filed, and no motion for extension of time was filed, on February 27, 2024, we ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction by March 28, 2024.[1] *See id.*; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Appellant did not respond to our order. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).